IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO & WESTERN DIVISIONS

LENDELL EARL HILLHOUSE, SR., d/b/a
NICK LYNN TECHNOLOGIES, INC.                                      PLAINTIFF

v.                             No. 3:12-cv-97-DPM

UNITED STATES DEPARTMENT
OF TREASURY, *et al.*                                             DEFENDANTS

KATHERINE SUE GRADDY                                              PLAINTIFF

v.                             No. 4:12-cv-299-DPM

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY, *et al.*                                    DEFENDANTS

## MEMORANDUM OPINION

In the first of these related cases, Hillhouse has brought suit *in forma pauperis* against thirty-three entities. He has two main claims. The first concerns business plans he copyrighted. He alleges that many large corporations and agencies of the federal government have stolen his ideas, chiefly his idea to create a government-issued debit card to which tax refunds could be directly credited. Second, he alleges that officials with the Arkansas Securities Department have unreasonably pursued an ongoing civil action

against him and his company (Nick Lynn Technologies, Inc.) for selling securities in a scheme that the Department contends is fraudulent. His theories of recovery include RICO, defamation, malicious prosecution, and constitutional claims under § 1983. He seeks damages in excess of $78 billion. *Document No. 3, at 41*. Many defendants have moved to dismiss.

Katherine Graddy, an investor in Hillhouse's company, sues in related case number 4:12-cv-299-DPM to recover from many of the same defendants for alleged injury to Nick Lynn Technologies, Inc. She submitted an affidavit of support attached to Hillhouse's complaint. And she has moved to proceed *in forma pauperis* because she has less than $125 cash on hand. *Document No. 6, at 3*. The Court concludes that she cannot afford to pay the filing fee and service fees. Her IFP request is therefore granted.

Congress has directed that the federal courts "shall dismiss [a case brought *in forma pauperis*] at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). Graddy's claims mirror Hillhouse's in most material respects, except that she asserts injury as a shareholder in NLT. To the extent she brings claims on the same legal basis as Hillhouse, her complaint rises or

falls with his. Because of the number of defendants who have filed motions to dismiss in Hillhouse's case, the Court concludes that the best course is to screen and analyze both complaints claim-by-claim for dismissal under the *in forma pauperis* statute.

**1. Standing.** Hillhouse brings his copyright-related claims on behalf of Nick Lynn Technologies, Inc.—NLT for short. Hillhouse attaches to his complaint letters inviting prominent persons, including Former Labor Secretary Rodney Slater and Former President Bill Clinton, to serve on NLT's board. Other attachments include NLT's articles of incorporation and affidavits from investors (including Graddy) who still support Hillhouse and his venture.

All this is relevant because Hillhouse, a nonlawyer, cannot represent NLT in federal court. *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993). No lawyer has entered an appearance for NLT, so the corporation has not appeared at all. The copyrights Hillhouse has attached to his complaint, *Document No. 3–1, at 45–50*, are registered to NLT. Only NLT has standing to prosecute actions for their infringement. *Hartman v. Hallmark Cards, Inc.*, 833 F.2d 117, 120 (8th Cir. 1987). The copyright-related claims Hillhouse has

-3-

imperfectly brought must be dismissed without prejudice against all defendants.

**2. Copyright Claims.** If the Court is wrong about standing to bring the copyright claims, they must be dismissed with prejudice in any event as legally untenable. Hillhouse and NLT misconceive the purpose and value of a copyright. Congress excluded ideas from copyright protection. "In no case does copyright protection . . . extend to any idea . . . described, explained, . . . or embodied in [the copyrighted] work." 17 U.S.C. § 102(b). Indeed, "every idea, theory, and fact in a copyrighted work becomes instantly available for public exploitation at the moment of the publication; the author's expression alone gains copyright protection." *Golan v. Holder*, 132 S. Ct. 873, 890 (2012). Even if the defendants learned about Hillhouse's ideas from NLT's copyrighted business plans, thought the ideas good, and contrived to steal them, neither Hillhouse nor NLT has a claim for copyright infringement. The ideas were free for anyone to use.

3. **Securities & Exchange Commission.** Count V of Hillhouse's complaint lays out "facts germane to the various laws of the Securities and Exchange Commission and cause of action." *Document No. 3, at 44–45*. The gist is that federal law preempts state securities enforcement actions like the lawsuit pending against Hillhouse in state court. That may or may not be true, but it does not entitle Hillhouse to damages or other relief in this Court.

4. **Malicious Prosecution**. Hillhouse alleges that officials with the Arkansas Securities Department have harmed him and NLT by filing a civil complaint against them in Arkansas state court for violating Arkansas securities laws. The Department defendants argue that neither Hillhouse nor NLT can recover for malicious prosecution while the state-court action is pending. They're correct. A malicious-prosecution plaintiff must allege, at minimum, that the underlying lawsuit was terminated favorably to him. *Farm Service Cooperative, Inc. v. Goshen Farms, Inc.*, 267 Ark. 324, 334–35, 590 S.W.2d 861, 867 (1979). That cannot be true while the state-court action remains alive.

Immunity also shields the Department defendants. Eleventh Amendment sovereign immunity prevents Hillhouse or NLT from recovering against any arm of the state or state official in his official capacity. *E.g., Florida*

*Department of Health & Rehabilitative Services v. Florida Nursing Home Ass'n.*, 450 U.S. 147 (1981). Hillhouse has sued the Department defendants, Director Heath Absure and lawyer Theodore Holder, in their individual capacities too. But the Court agrees with the Department defendants that their civil-enforcement role is sufficiently prosecutorial to entitle them to the absolute immunity prosecutors enjoy. *E.g., Butz v. Economou*, 438 U.S. 478, 515–18 (1978). Hillhouse should vigorously defend himself in state court if he believes the state-court action against him is unfounded. All his claims for monetary relief against the Department defendants will therefore be dismissed with prejudice.

To the extent Hillhouse seeks non-monetary relief, the Court will abstain from interfering in the ongoing state proceeding. This was the Department defendants' suggestion. It is wise. Enforcing Arkansas's securities laws and protecting citizens from fraud are important state interests. And Hillhouse can ventilate his constitutional concerns adequately in state court. *Middlesex County Ethics Commission v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Hudson v. Campbell*, 663 F.3d 985, 987 (8th Cir. 2011).

5. **Defamation**. In passing, Hillhouse alleges that the Department defendants defamed him in the course of pursuing their civil enforcement action against him and NLT. *Document No. 3, at 58–59*. The Department defendants respond that, to the extent Hillhouse alleges defamation with any specificity, he belatedly complains of events surrounding the filing of the state lawsuit in 2008. *Document No. 20, at 17–18*. The Court agrees that Hillhouse brought his claim too late. Arkansas law required him to bring a defamation action no later than three years after the defamatory statement was published. ARK. CODE ANN. § 16-56-105(5).

Hillhouse does not dispute that the alleged defamation occurred more than three years ago, but says that the continuing pendency of a state-court complaint with damaging allegations makes the defamation a continuing one. *Document No. 70, at 4–5*. While a continuing defamation is not unknown to the law, *Dominiak v. National Enquirer*, 266 A.2d 626 (Pa. 1970), it appears to be unknown in Arkansas law, and the Court does not believe the Arkansas courts would adopt and apply that doctrine in the circumstances presented. *Life Investors Insurance Co. of America v. Federal City Region, Inc.*, 687 F.3d 1117, 1122 (8th Cir. 2012). Hillhouse's defamation claims will be dismissed with

prejudice as untimely.

**6. RICO**. Hillhouse alleges that the defendants committed all these wrongs as part of an unlawful conspiracy. That being so, he wants the treble damages available under the Racketeer Influenced and Corrupt Organizations Act. He can't get them. Even assuming no standing problem here like the one he has on copyright claims, any RICO claim must be pleaded with particularity. *Crest Construction II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011). That requires Hillhouse to provide the "who, what, when, where, and how: the first paragraph of any newspaper story." *Ibid.* (quotation omitted).

He has not done so. Hillhouse has asserted that "this RICO complaint encompasses more than two predicate acts occurring within the last three years" and that "[t]hese enterprises of government and civilian corporate enterprises exemplified their patterns of conduct effectively causing a racketeering injury." Document No. 3, at 50–51. His conclusory pleading does not meet the heightened RICO pleading standard. *Crest Construction II, Inc.*, 660 F.3d at 356. Nor does the conspiracy allegation meet the requirement that any federal-court complaint state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

Hillhouse's RICO claim must be dismissed without prejudice.

**7. Section 1983.** Hillhouse also alleges (albeit briefly) that the Government defendants' infringements of copyrighted business plans are an unlawful taking of property without just compensation, and that the defendants' actions and inactions "violate the First, Fourth, the Seventh, the [T]hirteenth and [F]ourteenth Amendments to the Constitution." *Document No. 3, at 38–39*. Again assuming that Hillhouse has standing, the only constitutional violation that is even colorably pleaded—appropriation of copyrighted ideas—fails as a matter of law. As already explained, NLT's copyrights conferred no protection against the use of the ideas expressed in the business plans. The Government defendants cannot have unlawfully deprived Hillhouse of a right he never had. Hillhouse's constitutional claims will therefore be dismissed with prejudice.

**8. Graddy's Additional Claims.** Graddy's mirroring claims will be resolved like Hillhouse's. Graddy's complaint also includes a claim for unjust enrichment based on copyrighted-idea poaching. Assuming she has standing to bring the claim, it fails on the pleaded facts. If the defendants knew about NLT's business plans, used NLT's ideas, and were enriched thereby, they

were not *unjustly* enriched on the facts alleged because copyright law did not protect the ideas. *Golan*, 132 S. Ct. at 890; *see also* RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 42 cmt. b (2010) ("Ideas, discoveries, and information provide some of the strongest examples of benefits that people are normally free to appropriate without compensation."). The unjust-enrichment claim will be dismissed without prejudice.

Graddy also includes a nebulous claim for "Violations of Arkansas State Law." The assertedly unlawful enforcement action brought against Hillhouse and NLT in state court has supposedly reduced the value of Graddy's NLT holdings. This claim, however, belongs only to NLT: a shareholder has no independent standing to sue for damage to a corporation, even if that damage also reduces the value of her stock. *Potthoff v. Morin*, 245 F.3d 710, 716 (8th Cir. 2001). This state-law claim must be dismissed without prejudice.

-10-

\* \* \*

The Court is filing this memorandum opinion in both cases. An implementing Order will be filed in each case.

So Ordered.

*[signature: D.P. Marshall Jr.]*
D.P. Marshall Jr.
United States District Judge

7 September 2012